1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  BERNARD ANDREW WHITE,                    CASE No.: 1:07-cv-01796 OWW-DLB PC

10                    Plaintiff,            ORDER DISMISSING AMENDED
                                           COMPLAINT FOR FAILURE TO STATE A
11         v.                              CLAIM, WITH LEAVE TO FILE A SECOND
                                           AMENDED COMPLAINT WITHIN THIRTY
12                                         DAYS
    DEPARTMENT OF CORRECTIONS
13  et al.,                                (Doc. 12)
                      Defendants.
14
                                           THIRTY DAY DEADLINE
15  _____/

16

17                            **Screening Order**

18  **I.      Screening Requirement**

19         Plaintiff Bernard Andrew White ("plaintiff") is a state prisoner proceeding pro se and in

20  forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on

21  December 11, 2007.  On March 19, 2008, plaintiff filed an amended complaint (Doc. 12).

22         The court is required to screen complaints brought by prisoners seeking relief against a

23  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

27  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

28  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1   claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

2        "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

3   exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

4   506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

5   plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

6   "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

7   grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only

8   if it is clear that no relief could be granted under any set of facts that could be proved consistent with

9   the allegations. Id. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether

10  the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of

11  the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey,

12  353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also

13  Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the

14  opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.

15  2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."

16  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights

17  complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l

18  Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d

19  266, 268 (9th Cir. 1982)).

20  **II.    Summary of Plaintiff's Amended Complaint**

21       Plaintiff is currently housed at California Correctional Institution in Tehachapi, California.

22  Plaintiff names T. Peterson, Karlow, and Frederick Ohlrich as defendants.  Plaintiff's amended

23  complaint is difficult to understand.  Plaitiff alleges that he was denied material and access to the law

24  library, but it is unclear whom plaintiff alleges caused this deprivation.  Plaintiff then refers to a

25  criminal case and mentions that he has written to the Supreme Court.

26  ///

27  ///

28  ///

1    A.   Linkage Requirement

2    The Civil Rights Act under which this action was filed provides:

3           Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the deprivation
4           of any rights, privileges, or immunities secured by the Constitution .
            . . shall be liable to the party injured in an action at law, suit in equity,
5           or other proper proceeding for redress.

6    42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal

7    Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)

8    (internal quotations omitted).  "To the extent that the violation of a state law amounts to the

9    deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution,

10   Section 1983 offers no redress."  Id.

11   Section 1983 plainly requires that there be an actual connection or link between the actions

12   of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

13   Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

14   person deprives another of a constitutional right, where that person 'does an affirmative act,

15   participates in another's affirmative acts, or omits to perform an act which [that person] is legally

16   required to do that causes the deprivation of which complaint is made.'"  Hydrick v. Hunter, 500

17   F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he

18   'requisite causal connection can be established not only by some kind of direct, personal

19   participation in the deprivation, but also by setting in motion a series of acts by others which the

20   actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  Id.

21   (quoting Johnson at 743-44).

22   In the instant case, it is unclear from a review of plaintiff's amended complaint which

23   defendant(s) allegedly deprived plaintiff of material and access to the law library.  Further, plaintiff's

24   amended complaint is devoid of any allegations whatsoever concerning defendant Ohlrich.

25   Plaintiff's allegations fall short of stating a claim against the defendants.  The court will provide

26   plaintiff with the opportunity to more specifically allege the bases for defendants' liability.  Plaintiff

27   need not set forth lengthy allegations but must simply identify more precisely the basis for the

28   imposition of liability.  The court shall also provide for plaintiff the legal standard that, based on

3

plaintiff's allegations, appears to be applicable.

B.    <u>Access to Courts</u>

Inmates have a fundamental constitutional right of access to the courts. <u>Lewis v. Casey</u>, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). <u>Christopher v. Harbury</u>, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). For backward-looking claims, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." <u>Phillips v. Hust</u>, 477 F.3d 1070, 1076 (9th Cir. 2007).

"[T]he injury requirement is not satisfied by just any type of frustrated legal claim." <u>Lewis</u>, 518 U.S. at 354, 116 S.Ct. at 2181. Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." <u>Id</u>. at 355, 2182. Rather, the type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. <u>Id</u>. at 354, 2181-82 (quotations and citations omitted). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." <u>Id</u>. at 355, 2182 (emphasis in original).

**III.    Conclusion and Order**

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under federal law. The Court will provide Plaintiff with the opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is informed that he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of his constitutional rights. <u>See</u> <u>Ellis v. Cassidy</u>, 625

F.2d 227 (9th Cir. 1980).  The complaint must allege in brief but specific terms how each named defendant is involved.  There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's amended complaint is dismissed, with leave to amend, for failure to state a claim;

2.     The Clerk's Office shall send Plaintiff a complaint form;

3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint;

4.     Plaintiff may not add any new, unrelated claims to this action via his second amended complaint and any attempt to do so will result in an order striking the second amended complaint; and

5.     If Plaintiff fails to file a second amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.


IT IS SO ORDERED.

Dated:   __July 7, 2008__            _____/s/ **Dennis L. Beck**_____
                                      UNITED STATES MAGISTRATE JUDGE