# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD ANDREW WHITE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　Defendants.<br>_____/ | Case No.: 1:07-cv-01796-OWW-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF BE DENIED<br><br>(Docs. 7 and 11)<br><br>OBJECTIONS, IF ANY, DUE IN 30 DAYS |

　　　Plaintiff Bernard Andrew White ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On January 2, 2008, plaintiff filed a motion for a temporary restraining order. (Doc. 7). Plaintiff's motion is difficult to understand. It appears that plaintiff challenges the legality of his incarceration, and requests that the court modify his sentence. On February 19, 2008, plaintiff filed a second motion wherein plaintiff requests that the court arrest the legal librarian and legal library staff, and that federal agents investigate the defendants, with the wardens' assistance. (Doc. 11).

　　　The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air

1  Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must
2  demonstrate a significant threat of irreparable injury." Id.  Also, an injunction should not issue if the
3  plaintiff "shows no chance of success on the merits." Id.  At a bare minimum, the plaintiff "must
4  demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."
5  Id.

6  Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must
7  have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103
8  S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and
9  State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d
10 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has
11 no power to hear the matter in question. Id.  "A federal court may issue an injunction *if* it has
12 personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not*
13 attempt to determine the rights of persons not before the court." Zepeda v. United States
14 Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

15 By order issued July 7, 2008, the court dismissed plaintiff's amended complaint, with leave
16 to amend, for failure to state any claims upon which relief may be granted.  Thus, at this point in
17 time, there is no case or controversy before the court, and the court has no jurisdiction to issue any
18 preliminary injunctions.

19 Assuming that the court at a future juncture screens plaintiff's second amended complaint
20 and makes a finding that it states cognizable claims for relief under federal law against one or more
21 of the named defendants, and one or more defendants are served and make an appearance in this
22 action, plaintiff will still not be entitled to challenge the legality of his current incarceration or
23 sentence by way of a motion for injunctive relief. As plaintiff is well aware, any suit brought by
24 plaintiff under section 1983 relating to his conviction or sentence is barred until such time as
25 plaintiff's "conviction or sentence has been reversed on direct appeal, expunged by executive order,
26 declared invalid by a state tribunal authorized to make such determination, or called into question
27 by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512
28 U.S. 477, 487-88 (1994). "A claim . . . bearing that relationship to a conviction or sentence that has

not been so invalidated is not cognizable under § 1983." Id. at 488.

With respect to plaintiff's second motion, filed February 19, 2008, plaintiff is cautioned that "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original).  Even if plaintiff's amended complaint had been found to state claims for relief for access to the courts, and one or more defendants had already appeared in this action, plaintiff did not meet his burden as the moving party and would not be entitled to the relief he seeks.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motions for preliminary injunctive relief, filed January 2, 2008, and February 19, 2008, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 11, 2008**              /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE