**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD ANDREW WHITE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF CORRECTIONS et al.,<br>　　　　　Defendants.<br>_____/ | CASE No.: 1:07-cv-01796 OWW-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED FOR PLAINTIFF'S FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(Doc. 20)<br><br>OBJECTIONS DUE IN THIRTY DAYS |

**Findings and Recommendations Following Screening of Second Amended Complaint**

**I.　　Screening Requirement**

　　Plaintiff Bernard Andrew White ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 11, 2007. Plaintiff filed an amended complaint on March 19, 2008. On July 7, 2008, the Court dismissed plaintiff's amended complaint for failure to state a claim, with leave to file a second amended complaint. (Doc. 18). Plaintiff filed a second amended complaint on July 18, 2008.

　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Summary of Plaintiff's Second Amended Complaint**

Plaintiff is currently housed at California Correctional Institution in Tehachapi, California. Plaintiff names Correctional Officer and Library Staff T. Peterson, SHU Housing Unit Assistant Librarian Karlow, and Clerk of the Supreme Court of California Frederick Ohlrich as defendants. Plaintiff alleges that defendants Peterson and Karlow have violated Plaintiff's rights under the First and Fourteenth Amendments. Plaintiff states that he has been refused access to the legal library to be provided with photocopies needed for a state action. Plaintiff states that he sought relief from the

Supreme Court but that the Clerk of the Court refused to issue documents to the Magistrate Judge. It appears that Plaintiff is seeking $20M in money damages and also compensation for an articulated Fourth Amendment violation.

### A.    Linkage Requirement

Under section 1983, Plaintiff is required to show that Defendants (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right. Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

### B.    Access to Courts Claim - Defendants Peterson and Karlow

Plaintiff alleges that he has been "refuse[d] asses [sic] to legal library, to be provided with photocopies needed for State Supreme Court also violated 45 day time limit". (Doc. 20, Second Amended Complaint, p.4).

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002).  For backward-looking claims such as that at issue here, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007).

Inmates do not have the right to a law library or legal assistance. Id. at 351. Law libraries

and legal assistance programs are only the means of ensuring access to the courts. Id. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. Rather, an inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. Id.

"[T]he injury requirement is not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354, 116 S.Ct. at 2181. Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." Id. at 355, 2182. Rather, the type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. Id. at 354, 2181-82 (quotations and citations omitted). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355, 2182 (emphasis in original).

Plaintiff fails to state a cognizable claim. Although plaintiff makes reference to a violation of a time limit, Plaintiff has not sufficiently alleged that he suffered any actual injury. Second, plaintiff does not state what type of legal claim he was pursuing or attempting to pursue. Without more, Plaintiff fails to state a claim upon which relief may be granted.

### C. Allegations Against Defendant Kohlrich

Plaintiff alleges that he wrote to the Supreme Court Judge for relief, and that the Clerk of the Court, presumably defendant Kohlrich, refused to issue the documents to the Magistrate Judge.

Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. Mullis v. United States Bankruptcy Court, 828 F.2d 1385 (9th Cir. 1987); Morrison v. Jones, 607 F.2d 1269, 1273 (9th Cir. 1979), cert. denied, 445 U.S. 962 (1980). Here, Plaintiff's allegations concern conduct that was part of the judicial process. Thus, defendant Kohlrich is immune from damages.

To the extent that plaintiff is alleging that defendant Kohlrich violated his right of access to the Court, plaintiff's claim must again fail. As was previously explained, the type of legal claim

protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights, and plaintiff has not alleged facts sufficient for the Court to determine the type of legal claim plaintiff was pursuing or attempting to pursue. Plaintiff fails to state a cognizable claim for relief against defendant Kohlrich.

### III. Conclusion and Recommendation

The Court finds that Plaintiff's second amended complaint fails to state cognizable claims under section 1983. Plaintiff has twice amended his complaint, once pursuant to an order of this Court. After having been provided with the legal standards relevant to his claims, plaintiff still has been unable to cure the deficiencies identified by the Court. Accordingly, the Court recommends that this action be dismissed with prejudice for plaintiff's failure to state a claim upon which relief may be granted, and further leave to amend not be granted. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 15, 2008**          **/s/ Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE